WRIGHT, J.
The second and third counts of the declaration are upon an express undertaking to cure. There is no evidence of such an undertaking, and the law does not imply one to that extent from the mere employment of a surgeon to attend a patient. When the act to be done depends upon the skill of the operator alone, the law will imply an engagement to use that skill, and to produce the desired result, from the employment of one professing it, and holding himself out to the world as having it. Where the result desired, as the cure in the case before us, depends both upon skill in the use of means, and the influence of other causes, the law raises no such implied engagement; it regards the undertaking to be only for the use of proper means. The retainer of a lawyer obliges him to the right conduct of the suit, but not for the judgment of the court, for that is. beyond his control. The retainer of a physician obliges him to the employment of ordinary medical skill in the treatment of the patient; the cure is not with him, but is dependent upon the constitution of the patient, and the influence of causes beyond the control of the physician. The husbandman employed to cultivate a field, is not supposed to engage for the production of an average crop. He may plough and sow, plant and water, but the increase *is not from him. A smith, engaging to shoe a horse, im- [468 pliedly engages skill to put the shoe in the proper place, and to avoid the quick in his fastening, because that is a mere physical operation, the end sought for depends upon nothing but skill. The surgeon, called to a patient, with a broken or dislocated limb, and *480 operating, impliedly engages the ordinary skill of the profession in adjusting the fractured bone, or reducing the dislocation, and the subsequent treatment of the patient while he attends; these depend on himself. He is not sujjposed to engage to cure or to insure a recovery, because a cure depends not upon him. This point has been several times before the court, and has been always so decided. As to the second and third counts, therefore, there is at present a want of evidence to sustain them.
Culbertson, for the plaintiff,
admitted he could only recover on the.first count, for the unskilful setting of the bone, and submitted without argument to the jury.
The first count is upon an undertaking with both the plaintiffs; the proof is of an engagement by the husband; this it is urged is proof of a contract different from the one declared on. Where the injury is to the absolute rights of the person, as batteries, injuries to health, reputation, liberty, are inflicted upon a married woman, and the suit seeks compensation for the injury to her, or for her personal suffering, the husband and wife must be joined in the suit; for, in case of his death, the cause of action survives to her, and she may prosecute the suit to judgment and execution; 1 Ch. Pl. 46, 61; 2 Kent Com. 151. The difficulty suggested is not perceived; but it is one open on the record, and may be raised hereafter, if further examination is desired.
It is further objected, that the retainer of the surgeon does not, in law, suppose an undertaking to reduce or set the bone skilfully, but that such undertaking must be expressly proved. The setting or putting in place the bones, is a mere physical operation, and we think the retainer and the visits and acts of the surgeon do lay a foundation in law to suppose an undertaking to reduce the leg, and treat the patient skilfully. There is evidence, on the subject of the treatment, which is for the jury. The question, whether the skilful setting, and judicious treatment, should at all events effect a perfect cure, is a distinct one, not necessary now to decide. The motion is overruled.
Evidence was then offered on both sides, as to the manner of treating and dressing the limb, and of surgeons as to what was the usual and customary mode in the profession, &c. When the evidence was closed—
469] * WRIGHT, J. The question turns solely on the credit due to the physicians who have testified as to the practice. If they are skilful themselves and worthy of credit, your verdict should be for *481 the defendant, for they all sustain the practice; if unworthy of credit, or unskilful, and the other proof shows the practice careless and unskilful, you should give the plaintiff such damages as will compensate for the injury the wife has received.
Verdict and judgment for the defendant.
[No implied warranty of cure, approved; Grindle v. Rush, 7 O. 2d pt. 123. ]